1 | JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
2 | JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
3 | Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
4 | Assistant United States Attorney

5 |   450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
6 |   Telephone: (415) 436-6915
FAX: (415) 436-6927
7 |
Attorneys for Respondents
8 |

9 |          UNITED STATES DISTRICT COURT

10 |         NORTHERN DISTRICT OF CALIFORNIA

11 |           SAN FRANCISCO DIVISION

12 | MARTHA RODRIGUEZ MEJIA,                    )
                                               )   No. C 08-2112-WHA
13 |              Petitioner,                   )
                                               )
14 |     v.                                     )
                                               )   **OPPOSITION TO MOTION FOR A**
15 | MICHAEL CHERTOFF;                          )   **TEMPORARY RESTRAINING ORDER**
NANCY ALCANTAR; MICHAEL B.                     )
16 | MUKASEY,                                   )
                                               )
17 |              Respondents.                  )
     _____  )

## I. INTRODUCTION

The petitioner is a native and citizen of Mexico who is subject to a final order of removal and is scheduled to be removed from the United States on April 25, 2008. On April 23, 2008, she filed a petition for writ of habeas corpus and a motion for a temporary restraining order, seeking an order enjoining her removal. The respondents hereby oppose the motion for a temporary restraining order.

## II. FACTS

The petitioner is a native and citizen of Mexico. Olsen Declaration at Exhibit A. The United States Immigration and Customs Enforcement placed her in removal proceedings, charging her in a Notice to Appear with removal as an alien who entered the United States without admission or parole. *Id.* In Immigration Court, the petitioner admitted the allegations in the Notice to Appear,

1  withdrew her application for asylum; and submitted an application for cancellation of removal

2  under 8 U.S.C. § 1229b. *Id.* To be eligible for cancellation of removal, an alien must establish:

3  (1) he or she has been physically present in the United States for at least 10 years immediately

4  preceding the issuance of the Notice to Appear; (2) he or she has been a person of good moral

5  character throughout such period and up to the date of the application; (3) he or she has not been

6  convicted of certain enumerated crimes; and (4) his or her removal would result in exceptional and

7  extremely unusual hardship to his or her United States citizen or lawful permanent resident

8  spouse, parent, or child. *See* 8 U.S.C. § 1229b.

9      Following a hearing, the Immigration Judge denied the petitioner's application for cancellation

10  of removal and issued a removal order. Olsen Declaration at Exhibit A. The Immigration Judge

11  determined that, although the petitioner had satisfied the first three requirements for cancellation

12  of removal, she was unable to establish that her removal would result in exceptional and extremely

13  unusual hardship to his or her United States citizen or lawful permanent resident spouse, parent, or

14  child. *See* 8 U.S.C. § 1229b; Olsen Declaration at Exhibit A.

15      The BIA affirmed without opinion on June 23, 2006. The petitioner did not file a petition for

16  review with the United States Court of Appeals for the Ninth Circuit.

17      The petitioner was arrested by ICE on February 22, 2008, and is currently on an ICE intensive

18  supervision program referred to as "ISAP." Declaration of Roderick Arce ¶¶ 3, 4. She is

19  scheduled to report for removal to Mexico on April 24, 2008, at 3:00 p.m., and is scheduled for

20  removal to Mexico at 12:40 a.m. on April 25, 2008. Arce Declaration ¶¶ 5, 6.

21

22  ### III.  DISCUSSION

23  **A. Petitioner's Claim That She Received Ineffective Assistance Of Counsel <u>During</u> Her**
    **Removal Proceeding Is Barred By The Real ID Act**

24
25      The petitioner contends that she received ineffective assistance during her removal proceeding

26  by an immigration consultant and an immigration attorney. This claim is barred by the REAL ID
    Act of 2005.

27
28      The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231, which became effective

on May 11, 2005, eliminated district court habeas jurisdiction over orders of removal and vested

the United States Courts of Appeals with exclusive jurisdiction to review an alien's removal order. *See Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 928-29 (9th Cir. 2005). As amended by the REAL ID Act, 8 U.S.C. § 1252(a)(5) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e).

8 U.S.C. § 1252(a)(5).

Here, the petitioner challenges her removal order on the ground that she received ineffective assistance of counsel. Because the REAL ID Act eliminated district court habeas jurisdiction over orders of removal, the respondents respectfully ask this Court to dismiss the portion of the habeas petition that challenges the petitioner's removal from the United States.[1]

Moreover, even if this Court were to conclude it has jurisdiction over the petitioner's claim she received ineffective assistance during her removal proceeding, despite the clear language of the REAL ID Act, this Court should dismiss the habeas petition on the ground that the petitioner has not exhausted her available administrative remedies by obtaining a decision from the Board of Immigration Appeals on her pending motion to reopen (which raises the same argument that is presented to this Court). *See Puga v. Chertoff*, 488 F.3d 812, 816 (9th Cir. 2007) ("[B]ecause Gama Puga could, and should have, exhausted his ineffective assistance of counsel claim by filing a timely motion to reopen with the BIA when he retained new counsel, his habeas petition was not properly before the district court.").[2]

**B. Petitioner's Claim That She Received Ineffective Assistance Of Counsel <u>Following</u> Her Her Removal Proceeding Is Barred By The Real ID Act**

The petitioner also contends that she received ineffective assistance after the entry of her

---

[1]It should be noted that the petitioner has presented her ineffective assistance of counsel claim to the Board of Immigration Appeals via motion to reopen. Habeas Petition ¶ 9.

[2]It is not clear from the habeas petition whether the petitioner has asked the BIA for a stay of removal and, if so, whether the BIA has granted a stay of removal.

1  removal order when her immigration consultant or immigration attorney failed to notify her of the

2  Board of Immigration Appeals' decision affirming the Immigration Judge's removal order, thereby

3  depriving her of the ability to file a timely petition for review with the United States Court of

4  Appeals for the Ninth Circuit.

5      The Ninth Circuit has recently held that a district court retains subject matter jurisdiction over

6  this type of habeas claim, in spite of the REAL ID Act of 2005.   In *Amarjeet Singh v. Gonzales*,

7  499 F.3d 969 (9th Cir. 2007), this Court addressed whether the REAL ID Act of 2005 bars district

8  court habeas review of an ineffective assistance of counsel claim alleging that the alien's former

9  attorney had failed to file a timely petition for review with the Ninth Circuit from an adverse BIA

10  order.  *Amarjeet Singh*, 499 F.3d at 971.  This Ninth Circuit concluded that, because the alleged

11  ineffective assistance of counsel occurred after the issuance of the alien's removal order and the

12  alien was only seeking re-issuance of the BIA's decision, not review of his removal order, his

13  claim was not barred by the REAL ID Act.  *Id*. at 979.

14      Although the petitioner's claim is not barred by the REAL ID Act of 2005, this Court should

15  nonetheless dismiss the claim because the petitioner has not established that she was prejudiced by

16  her immigration consultant or immigration attorney's alleged error.

17      To succeed on a claim of ineffective assistance of counsel, an alien must show both error and

18  prejudice.  *See Singh v. Ashcroft*, 367 F.3d 1182, 1186 (9th Cir. 2004).  "To establish prejudice,

19  petitioner 'does not have to show that he actually would have been granted relief. Instead, he must

20  only show that he had a "plausible" ground for relief from deportation.'" *United States v. Muro-*

21  *Inclan*, 249 F.3d 1180, 1184 (9th Cir. 2001) (quoting *United States v. Arrieta*, 224 F.3d 1076, 1079

22  (9th Cir. 2000)); *see also Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (stating that

23  under *Dearinger v. Reno*, 232 F.3d 1042 (9th Cir. 2000), although the failure to file a timely

24  petition for review creates a presumption of prejudice, the alien must still show plausible grounds

25  for relief).

26      The petitioner has failed to establish prejudice because she failed to explain what plausible

27  argument she would have made to the Ninth Circuit if she had received timely notification from

28  her immigration consultant or immigration attorney of the issuance of the BIA's decision.  The

1  BIA denied the petitioner's application for cancellation of removal on the ground that she failed to

2  establish that her removal would pose an exceptional and extremely unusual hardship to a United

3  States citizen or lawful permanent resident spouse, parent, or child.  Olsen Declaration at Exhibit

4  A.  It is well-established that the Ninth Circuit lacks jurisdiction to review a determination by an

5  Immigration Judge or BIA that an alien failed to establish that his or her removal would pose an

6  exceptional and extremely unusual hardship to a United States citizen or lawful permanent resident

7  spouse, parent, or child.  *See Fernandez v. Gonzales*, 439 F.3d 592, 600-03 (9th Cir. 2006).

8  Accordingly, even if the petitioner had been timely advised that the BIA had issued its decision

9  denying her application for cancellation of removal, there was no basis for a petition for review to

10  the Ninth Circuit.[3]

11                              **IV.  CONCLUSION**

12      For the reasons stated above, the respondents respectfully ask this Court to deny the

13  petitioner's motion for a temporary restraining order.

14

15  Dated: April 23, 2008                    Respectfully submitted,

16                                           JOSEPH P. RUSSONIELLO
                                             United States Attorney

17

18                                                /s/
                                             EDWARD A. OLSEN

19                                           Assistant United States Attorney
                                             Attorneys for Respondents

20

21

22

23

24

25

26

27

28      [3]It should be noted that the petitioner has presented this ineffective assistance of counsel
    claim to the BIA via motion to reopen.  Habeas Petition ¶ 9.