```
 1 │ JOSEPH P. RUSSONIELLO, CSBN 44332
   │ United States Attorney
 2 │ JOANN M. SWANSON, CSBN 88143
   │ Assistant United States Attorney
 3 │ Chief, Civil Division
   │ EDWARD A. OLSEN, CSBN 214150
 4 │ Assistant United States Attorney
 5 │    450 Golden Gate Avenue, Box 36055
   │    San Francisco, California 94102
 6 │    Telephone: (415) 436-6915
   │    FAX: (415) 436-6927
 7 │
   │ Attorneys for Respondents
 8 │
 9 │                    UNITED STATES DISTRICT COURT
10 │                   NORTHERN DISTRICT OF CALIFORNIA
11 │                        SAN FRANCISCO DIVISION
12 │ MARTHA RODRIGUEZ MEJIA,         )
   │                                 )   No. C 08-2112-WHA
13 │           Petitioner,           )
   │                                 )
14 │      v.                         )   DECLARATION OF EDWARD A.
   │                                 )   OLSEN
15 │ MICHAEL CHERTOFF;               )
   │ NANCY ALCANTAR; MICHAEL B.      )
16 │ MUKASEY,                        )
   │                                 )
17 │           Respondents.          )
```

Pursuant to Local Rule 7-5 and 28 U.S.C. § 1746, I, Edward Olsen, declare as follows:

1. I am employed as an Assistant United States Attorney for the Northern District of California and have been assigned *Mejia v. Chertoff*, No. C 08-2112-WHA. As such, I have personal knowledge of the following facts and could testify regarding these facts if called to do so.

2. The United States Immigration and Customs Enforcement (formerly, the Immigration and Naturalization Service) provided me with a copy of the Immigration Judge's decision and the BIA's decision in Ms. Mejia's immigration proceedings.

3. Attached as Exhibit A is a true and correct copy of the Immigration Judge's removal order and the Board of Immigration Appeals' affirmance of the removal order in Ms. Mejia's removal proceedings.

OLSEN DECLARATION
C 08-2112-WHA

1  I declare under penalty of perjury that the foregoing is true and correct and that this declaration
2  was executed under the laws of the United States on this 23rd day of April 2008, in San Francisco,
3  California.

4

5                                            /s/
6                                    EDWARD A. OLSEN

OLSEN DECLARATION
C 08-2112-WHA

# EXHIBIT A

| U.S. Department of Justice | Decision of the Board of Immigration Appeals |
|---|---|
| Executive Office for Immigration Review | |

Falls Church, Virginia 22041

File: A79-610-946 - San Francisco                                Date:  JUN 2 3 2006

In re: RODRIGUEZ MEJIA, MARTHA

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Pro se

ORDER:

    PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4).

    FURTHER ORDER: Pursuant to the Immigration Judge's order and conditioned upon compliance with conditions set forth by the Immigration Judge and the statute, the alien is permitted to voluntarily depart from the United States, without expense to the Government, within 60 days from the date of this order or any extension beyond that time as may be granted by the Department of Homeland Security (DHS). *See* section 240B(b) of the Immigration and Nationality Act; 8 C.F.R. §§ 1240.26(c), (f). In the event the alien fails to so depart, the alien shall be removed as provided in the Immigration Judge's order.

    NOTICE: If the alien fails to depart the United States within the time period specified, or any extensions granted by the DHS, the alien shall be subject to a civil penalty of not less than $1,000 and not more than $5,000, and shall be ineligible for a period of 10 years for any further relief under section 240B and sections 240A, 245, 248, and 249 of the Immigration and Nationality Act. *See* section 240B(d) of the Act.

                                                 *[signature]*
                                            FOR THE BOARD

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
San Francisco, California


Files A 79 610 945
    A 79 610 946                                     May 9, 2005

In the Matters of

| | | |
|---|---|---|
| JOSE SANTOS TORRES, | ) | IN REMOVAL PROCEEDINGS |
| MARTHA RODRIGUEZ MAHIA, | ) | |
| Respondents | ) | |

CHARGE:       Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (Act) as amended - an alien present in the United States without being admitted or paroled

APPLICATIONS:   Asylum and withholding of removal; Torture Convention


ON BEHALF OF RESPONDENTS:       ON BEHALF OF DHS:

Zuma Ayriyan, Esquire               Harold Spar, Esquire
91037 Warner Avenue, 334         Assistant Chief Counsel
Fountain Valley, CA 92708


## ORAL DECISION OF THE IMMIGRATION JUDGE

### Background

      The respondents are husband and wife. The male respondent is a 38-year-old native and citizen of Mexico who entered the United States at or near San Ysidro, California on or about July 1, 1988 without then being admitted or paroled after inspection by an Immigration officer. His wife, the female respondent is a 37-year-old native and citizen of Mexico who entered the United

vt

States at or near San Ysidro, California on or about September 2, 1994 without then being admitted or paroled after inspection by an Immigration officer. Both respondents have admitted all of the facts or allegations contained in their Notices to Appear (Exhibits 1, 1-A), and conceded removability as charged. The two respondents have designated Mexico as the country of removal, should such action become necessary.

The male respondent previously submitted an application for asylum on which he included the female respondent as a derivative beneficiary, Exhibits 2, 2-A, for identification and these applications were previously withdrawn in open court in the Immigration Court. Both respondents have submitted individual applications for cancellation of removal and as non-permanent residents under INA Section 240A(b). Exhibits 3, 3-A. In the alternative, each of the two respondents have applied for voluntary departure.

Credibility

In assessing the credibility of the two respondents, I have taken into account the rationality, internal consistency, and inherent persuasiveness of their testimony, and considering the foregoing, I find that the two respondents and their witnesses have testified credibly.

Cancellation of Removal

To be eligible for cancellation of removal under INA Section 240A(b), the respondent must establish that: (1) he or

A 79 610 945                           2                           May 9, 2005

rt

she has been physically present in the United States for a continuous period of at least 10 years immediately preceding service of the Notice to Appear; (2) he or she has been a person of good moral character throughout such period and up to the date of such application; (3) he or she has not been convicted of an offense under INA Sections 212(a)(2), 237(a)(2), or 237(a)(3); and (4), his or her removal would result in "exceptional and extremely unusual hardship" to his or her United States citizen or lawful permanent resident spouse, parent, or child.

Now the Court first considers the continuous physical presence and good moral character requirements of the statute. Considering the evidence of record and hearing the testimony of the two respondents, the Court is satisfied that both respondents have met these requirements of the statute.

The Court next considers the hardship requirement of the statute. The Board of Immigration Appeals has in recent years begun to apply the new, more stringent statutory hardship standard of "exceptional and extremely unusual hardship" to the facts of particular cancellation cases. In the process it has held that an applicant for cancellation of removal must demonstrate that his or her spouse, parent, or child would suffer hardship that is substantially beyond that which would ordinarily be expected to result from the alien's deportation (that is, beyond that which has been historically required in suspension of deportation cases, applying the "extreme hardship" standard).

A 79 610 945                                    3                              May 9, 2005

vt

Matter of Monreal, 23 I&N Dec. 56 (BIA 2001; see also Matter of Andazola-Rivas, 23 I&N Dec. 319 (BIA 2002); Matter of Recinas, 23 I&N Dec. 467 (BIA 2002).

In the Monreal decision, the Board stated: "In for cancellation of removal, we consider the ages, health, and circumstances of qualifying lawful permanent resident and United States citizen relatives. For example, an applicant who has elderly parents in this country, who are solely dependent upon him for support might well have a strong case. Another strong applicant might have a qualifying child with very serious health issues or compelling special needs in school. A lower standard of living or adverse country conditions in the country of return are factors to consider, only as they may affect a qualifying relative, but generally will be insufficient."

In the present case, the respondents have as their qualifying relative their United States citizen son born in 1997. In addition, they have two other Mexican-born children, a son born in 1987 and a daughter born in 1991. The respondents are married and live with their children as an intact family. The record reflects that if the respondents are required to return to Mexico, their children will return with them. See Exhibits 3, 3-A, at Q.46.

The Court first considers the health and educational issues relating to the qualifying relative U.S. citizen son. The record contains no evidence of any health problems for this son.

A 79 610 945                                4                           May 9, 2005

vt

The female respondent testified that he does have problems in school with speech. She testified that he had to repeat kindergarten. The Court heard testimony from the speech and language pathologist, with the Hayward, California, Unified School District who is working with the child. The records reflects that this son is receiving special educational services through the school district. See Exhibit 5 at page 48, 49-51. Now she testified that he is receiving help with pronouncing certain sounds in two thirty-minute sessions a week. She testified that stopping this assistance could have a negative impact on the child's life.

In other education-related matters, the female respondent testified to her concerns about education in Mexico and testified that the schools are better here in the United States. The Court must be guided in these matters, however, by the Board's decision in Andazola-Rivas, where it found that diminished educational opportunities in the country of return, will not, in and of themselves support a finding of exceptional and extremely unusual hardship. See 23 I&N Dec. 319 at 323. Looking at the evidence regarding educational needs as a whole, the Court must find that the respondents have not demonstrated that their son's educational needs are "the compelling special needs in school" contemplated by the Monreal decision. The Court recognizes that the child is receiving special educational services, but the Court must find that a

A 79 610 945                              5                          May 9, 2005

vt

total of one hour a week in the entire school week does represent a determination from the school district as to the seriousness of the educational needs with which they are working. For the foregoing reasons, the Court will find that the respondents have not demonstrated that either the health or educational needs of their son would constitute exceptional and extremely unusual hardship to the child if he accompanies them to Mexico.

Another extremely serious matter, which the Court must consider, is the health of the respondents' oldest son, who was born in Mexico. The record contains evidence of problems this child has had. This includes a report from the Hayward Unified School District, dated September 30, 1998, Exhibit 5 at page 54 and following. More recently, respondents through counsel, have submitted a letter from a doctor at Children's Hospital in Oakland, California. Exhibit 7. This letter indicates that the son has congenital hypothyrodism. The letter indicates that there was a delayed diagnosis for the child because children are not screened for this condition at birth in Mexico, as they are in the United States. The letter indicates that the delay in treatment caused a developmental delay in that the child has been on thyroid replacement continually since he came to the United States and that this has helped him "to achieve normal growth and development." And then the letter expresses concern that if this young man goes to Mexico "where thyroid replacement is not always readily available" there might health problems and a decreased

A 79 610 945                                6                                May 9, 2005

quality of life.  The respondents have also submitted an appointment notice for this son, with the doctor writing the letter on April 13, 2005.  See Exhibit 7 at page 2.

The Court notes that the son has been on medication for a number of years and this is referred to on page one of the 1998 report.  Exhibit 5 at page 54.  Without any medical background of its own, the Court is unable to say how serious this condition is or whether the medications the son is receiving now could be obtained in Mexico, the record contains no evidence in this regard.  The Court does not know the basis for the doctor's statement in her letter that thyroid replacement is not always readily available in Mexico.

Respondents' counsel has argued that this son's health needs are such that if the respondents and their children go to the Mexico, that the U.S. citizen son will be negatively impacted, because the parents will be required to spend their time and effort caring for the son with they thyroid condition.  On this record, the Court is simply unable to reach the same conclusion.  It may well be that the health of this qualifying relative son would end up creating exceptional and extremely unusual hardship for the U.S. citizen son, but the Court does not believe that this record supports that conclusion.

The female respondent testified that if the respondents are required to return to Mexico, they would go to the town and the state of Guanajuato, where her mother lives.  She testified

vt

that it would be very difficult to support the children in Mexico because there is hardly any work there. The respondent testified that there are special schools in town, about an hour away by bus. She was asked whether she would go elsewhere in Mexico if that were necessary for the parents to find work with which to support the children? She testified that she would not. She testified that there were better schools in the United States. The Court does not believe, however, that the record supports the conclusion that the respondents would be required to stay in the town where the mother's family is or that they would be unable to move elsewhere in Mexico, if that were necessary, to find work with which to provide for the family and the educational and medical needs of the children.

The Court further finds insufficient evidence of record to indicate that any emotional or psychological impact of the departure of the two respondents upon their qualifying relative son would create exceptional and extremely unusual hardship, particularly in light of the fact that on the mother's side, at least there are family members in Mexico. She testified that her parents continue to live there, as do two brothers.

In sum, I have considered all hardship factors raised the respondents, both individually and cumulatively. I do not find, however, that the requirement of a significant hardship is over and above the normal economic, and social disruptions involved has met in order to warrant a finding of exceptional and

A 79 610 945          8          May 9, 2005

rt

extremely unusual hardship. Accordingly, their applications for cancellation of removal will be denied.

Voluntary Departure

The two respondents have also applied for voluntary departure under INA Section 240B(b)(1), which requires that each show physical presence in the United States for at least one year immediately preceding the date of service with the Notice to Appear; good moral character for at least five years immediately preceding the application for voluntary departure; and showing that neither is deportable under INA Section 237(a)(2)(iii) or 237(a)(iv), and clear and convincing evidence of the means and intent to depart the United States. Since the two respondents appear statutorily eligible for this form of relief, their applications will be granted in the exercise of discretion.

For the foregoing reasons and after considering all evidence of record in this case, the following orders will be entered:

ORDER

IT IS ORDERED that the application of Jose Santos Torres for cancellation of removal under INA Section 240A(b) be now DENIED.

IT IS FURTHER ORDERED that the application of Martha Rodriguez Mahia for cancellation of removal under INZ Section 240A(B) be now DENIED

IT IS FURTHER ORDERED that in lieu of an Order of

A 79 610 945                                9                              May 9, 2005

vt

Removal, both respondents be granted voluntary departure without expense to the government on or before July 8, 2005 or any extension beyond such date as may be granted by the appropriate authorities and the Department of Homeland Security, and under such conditions as they shall impose.

IT IS FURTHER ORDERED that the respondents post a voluntary departure bond in the amount of $500 within five business days to the appropriate authorities and the Department of Homeland Security.

IT IS FURTHER ORDERED that if either respondent fails to post the required bond within five days or to depart when and as required, the above order shall be within without further notice or proceeding as to that respondent and the following order shall thereupon become immediately effective: that respondent shall be removed to Mexico on the charged contained in the Notice to Appear.

*Robert Yeargin*
ROBERT YEARGIN
Immigration Judge

May 9, 2005

RECEIVED
DEPARTMENT OF JUSTICE

JAN 3 2006

EXECUTIVE OFFICE
IMMIGRATION REVIEW
IMMIGRATION COURT
SAN FRANCISCO, CALIFORNIA

A 79 610 945                    10                    May 9, 2005

## CERTIFICATE PAGE

I hereby certify that the attached proceeding

before ROBERT YEARGIN, in the matter of:

JOSE SANTOS TORRES
MARTHA RODRIGUEZ MAHIA

A 79 610 945
A 79 610 946

San Francisco, California

was held as herein appears, and that this is the original

transcript thereof for the file of the Executive Office for

Immigration Review.

Pamela V. Turner (Transcriber)

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland  20852
(301) 881-3344

RECEIVED
DEPARTMENT OF JUSTICE      November 17, 2005
(Completion Date)

JAN  3 2006

EXECUTIVE OFFICE
IMMIGRATION REVIEW
IMMIGRATION COURT
SAN FRANCISCO, CAL___